## AUDENRIED v. EAST COAST MILLING CO.

### (Circuit Court, E. D. Pennsylvania. July 15, 1903.)

#### No. 11.

1. FOREIGN CORPORATIONS—VALIDITY OF SERVICE—WHEN QUESTION FOR JURY
    Whether a foreign corporation was maintaining an office and doing business within a state, when it was there served with summons, where it depends on questions of fact, is for the jury.
2. ABATEMENT—EFFECT OF FILING PLEA TO JURISDICTION.
    The filing of a plea in abatement attacking the jurisdiction of the court operates as an abandonment of any defense on the merits, at least in the discretion of the court; and where such plea was interposed after the same question had been determined adversely on a motion to quash the service, and apparently for delay only, the court will not exercise its discretion to relieve the defendant from its effect.

At Law. On motion for new trial.

Burr, Brown & Lloyd and John G. Johnson, for plaintiff.
James B. Kinley, H. S. P. Nichols, and Joseph de F. Junkin, for defendant.

J. B. McPHERSON, District Judge. Upon all the questions that are raised by this motion (save one) I am content to stand upon the instructions given to the jury at the trial. Whether the defendant was maintaining an office and doing business in Pennsylvania on October 2d, the day when the summons was served, was, under all the evidence, a question of fact that could only be determined by a jury. The weight to be given to the testimony of defendant's officers was for that tribunal, and not for the court, and I think it not improbable that the verdict may have been somewhat, but not improperly, influenced by the fact that the defendant made evident haste to leave the jurisdiction unmistakably on October 3d, the day after the service was made, apparently not relishing the possibility, at least, that suitors resident in this district might be able to seek their remedy here, and might not be obliged to follow the defendant into the courts of another jurisdiction, where a formal corporate domicile was main-

¶ 1. Foreign corporations "doing business" in state, see note to Wagner v. J. & G. Meakin, 33 C. C. A. 585.
¶ 2. See Pleading, vol. 39, Cent. Dig. § 236.

tained, although the real corporate business was to be transacted elsewhere.

Upon the remaining question—the effect of the plea in abatement attacking the jurisdiction of the court—I need only repeat that the authorities cited in behalf of the plaintiff satisfied me at the trial, and satisfy me now, that such a plea abandons any defense on the merits, either absolutely (that is to say, at the option of the plaintiff, who may, of course, waive his right to insist upon the abandonment) or, at the best, within the discretion of the court. In the present case there was no such waiver by the plaintiff, and the court was not and is not disposed to exercise its discretion in favor of the defendant. The question of jurisdiction raised by the plea in abatement had already been brought forward by the defendant's motion to set aside the service of the summons, and had been decided against the motion. It is true that this ruling, being interlocutory, could not be immediately reviewed, but in due season it could have been presented to the Court of Appeals, and have been finally determined. Deliberately to raise the question again at the very next step in the cause was, therefore, prima facie dilatory procedure, and no satisfactory effort was made to remove the presumption that the plea had been interposed for no other purpose than that of delay. A vague, general statement was made at the trial, and is now repeated, that important reasons led the defendant to prefer a trial elsewhere; but what these reasons are, so that the court also might be in a position to weigh their importance, has not been stated, and the prima facies just referred to has, therefore, not been removed. Under such circumstances the court can hardly be expected to regard the plea with favor.

A new trial is refused.